# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 01248 |
| | ) | |
| v. | ) | Judge Alonso |
| | ) | |
| UPR PRODUCTS, INC., et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 26, 2016, counsel filed an Agreed Motion to Extend Discovery Deadlines from November 1, 2016 to February 1, 2017. [#159]. The motion recites that the deposition of defendant, Galley Made Marine, is "tentatively" set for November 14, 2016 in Florida, and the deposition of defendant, UPR Products, Inc. is "tentatively set for December 6, 2016," "also in Florida." [#159]. The joint motion does not recite that fact discovery of anyone or of any kind has been taken in the last 90 days since Judge Alonso denied the defendants' Motion for Reconsideration. And, no explanation has been offered in the joint motion for the parties' apparent (or at least unexplained) inattention to fact discovery, even though my previous orders gave them the stay of discovery and the 90 days additional time that they requested. [*See* ##86, 96, 150]. Indeed, the joint motion virtually takes for granted that another 90 days for fact discovery will be routinely accorded, and that expert discovery will likewise be extended.[1] That assumption is misguided.

---

[1] The case was originally removed from the state court on February 19, 2014. [#1]. Fact discovery was initially set on March 26, 2015 and gave the parties until November 30, 2015 to complete fact discovery [#80], and on September 10, 2015, the parties agreed to extend fact discovery to May 1, 2016 and expert discovery to November 30, 2016. [#96]. On September 15, 2015, I granted the parties' request to stay the

(continued...)

Lawyers and parties do not own the discovery schedule. There is an overriding public interest in the prompt resolution of legal disputes. That interest transcends the immediate interest of the parties, *Hardin v. Straub*, 490 U.S. 536, 543 (1989); *Gray v. Schaub,* 182 F.3d 921 (7th Cir.1999); *Diersen v. Chicago Car Exchange*, 110 F.3d 481, 489 (7th Cir. 1997); *Matter of Stavriotis,* 977 F.2d 1202, 1205 (7th Cir.1992); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990); *Weingarten Realty Investors v. Miller,* 661 F.3d 904, 913 (5th Cir. 2011), and certainly does not allow the inattention to discovery that seems to have occurred here where all that has happened is the "tentative" scheduling in Florida of the representatives of Galley Made Marine and UPR Products.

The hope is expressed in the joint motion that the deposition of the representative of Tig Vision as well as Jeremy Martorella, a former UPR Products employee, will also take place in Florida, although the dates of those depositions are not specified. Significantly, the joint motion does not say whether these are all of the people to be deposed, who else might be deposed, the document production that will be necessary. Nor does it even represent that depositions are in fact scheduled so that fact discovery can be completed. A "tentative" setting of two depositions simply is not enough under the circumstances of this case.

The question is what is to be done. The solution to the current dilemma, like other discovery

---

[1](...continued)
depositions in Florida until Judge Alonso ruled on the motion for summary judgment. On that day, all scheduled discovery dates were stricken. It was agreed by everyone that fact discovery would close 90 days after Judge Alonso ruled on the motion for summary judgment. [#101]. Judge Alonso ruled on the motion for summary judgment on April 25, 2016. [#139]. I then set a discovery schedule with fact discovery to end on August 19, 2016 and expert discovery to be completed by December 21, 2016. [#146]. Almost immediately thereafter I granted the defendant's Motion to Stay Discovery until 90 days after Judge Alonso ruled on a Motion for Reconsideration. [#154]. Judge Alonso denied that motion on August 1, 2016, [#158], which meant that under my order of May 26, 2016, fact discovery would close on November 1, 2016, with expert discovery to proceed over the next 90 days in accordance with the announced schedule.

disputes, falls within the extraordinarily broad range of discretion invested in judges – not in lawyers – by the Federal Rules of Civil Procedure. *Cf. Crawford–El v. Britton,* 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir.2006). Perhaps there is a good reason for what the lawyers in the case have done – or more accurately, not done – up to the present time. But the joint motion makes no attempt at any explanation or excuse. Nonetheless, the Federal Rules of Civil Procedure envision broad based discovery and full disclosure of relevant information.

The joint motion will be granted with the following caveat. There will be no further extensions of fact discovery beyond February 1, 2017. Expert discovery will follow in 30 day increments as set forth in the minute order of May 19, 2016 [#146], and as specifically requested in the joint motion. [#159].

It is strongly recommended that the dates for depositions that are now only "tentative" be firmly set, along with other depositions of other present and former employees of the parties, if necessary, and that anyone else who might be needed. No further time will be accorded because of supposed unavailability of party representatives or others over the course of the next 94 days. If counsel experiences difficulty in setting depositions or in securing the cooperation and assent of his opposition, immediate action must be taken. Further delay without action will not be permitted. To ensure that this will not happen, the court will convene a status conference monthly for counsel to report to the court on the progress of discovery. The schedule will be set forth in the accompanying Minute Order.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/27/16

3